UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **COREY RODRIGUES** § | |
| **Plaintiff,** § | |
| v. § | |
| § | CIVIL ACTION NO. 4:22-cv-00607-P |
| **TARRANT COUNTY [specifically]** § | |
| **THE SHERIFF'S OFFICE OF** § | |
| **TARRANT COUNTY,** § | |
| **TEXAS, and REGINALD ROY** § | |
| **LOWE, and DAKOTA** § | |
| **WAYNE COSTON,** § | |
| **and LEWIS ANTHONY VELASQUEZ** § | |
| **Defendants** § | |

**PLAINTIFF'S RESPONSE TO OPPOSE MOTION TO STAY OR ABATE,
AND REQUEST FOR AT LEAST MORE TIME TO RESPOND [AS THERE IS NOT,
AND NEVER WAS, ANY "EMERGENCY" SURROUNDING THE MOTION]**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Corey Rodrigues [hereinafter "Plaintiff" or "Mr. Rodrigues" or "Rodrigues" or "non-movant'"], responding to [and opposing] the "Individual Defendants' Emergency Motion To Stay Or Abate Case" [filed 25 August 2022, and filed as **Document 6** by the Clerk of this Court], a motion supposedly filed for all three (3) of the individual defendants [but apparently actually filed by one attorney, Mr. East, who represents two of them] and which has not been filed by or on behalf of defendant Tarrant County[1]; and a motion which incorrectly claims to

---

[1] For some inexplicable reason attorney Ogle, an assistant District Attorney in Tarrant County, filed a pleading notice [which is not either an answer or a motion] indicating that he will represent Tarrant County, but trying to indicate that maybe it has not been named correctly. Why would he do this, when any reading of the first three (3) of four (4) pages of the original complaint filed in this case would show that the county has been properly named; and when in fact in recent weeks attorneys Ogle and Reynolds have chatted about this, and about service of process, by phone.......... In any

be presented on an "emergency' basis [Mr. East was aware when he filed the motion that there was no emergency]; and non-movant/Plaintiff now asks the Court to deny this motion, but also notes that [as Mr. East was aware of BEFORE he filed the motion] non-movant's attorney has not had a fair opportunity to more fully respond to the motion as he was caught in a cross-fire between a complex in-person hearing on 26 August 2022 in a state district court, and a hard deadline of 29 August 2022 for filing at the fifth circuit an Appellees' Brief [all of which was explained to Mr. East BEFORE he filed the "emergency" motion]; so if this Court is not prepared now to outright deny the motion to stay or abate, then non-movant/Plaintiff asks this Court to temporarily stay proceedings for thirty (30) days, so as to grant more time for non-movant to fully and fairly reply to the motion to stay and abate, and to also order that within twenty (20) days from the date of that order all the attorneys of all parties must meet in person to discuss this case, and to explore how best to proceed and to explore whether there might be some possibility to resolve all [or part] of the case; and now Plaintiff/non-movant respectfully shows the following:

### I.

### REGARDING CONFERENCING
### AND FACT THAT HERE IS NO EMERGENCY

This case has been recently filed, and more recently each of the named defendants have been served with process; but so far the returns of service have not been filed. For an extended period of time counsel for Plaintiff has been in contact with attorney Ogle, a Tarrant County Assistant District Attorney who handles these sorts of cases on behalf of the County; and counsel for Plaintiffs

---

event, Tarrant County is properly named, has filed no answer, has no "emergency" problem necessitating it to file a stay motion, and does not appear to have any grounds to do so ....

[Reynolds] has treated Mr. Ogle with courtesy, and has provided advance information to Mr. Ogle about when the case would be filed and who the defendants would be, and when they would be served, and when they were served; and has consistently and repeatedly told Mr. Ogle that Plaintiff would not try to crunch anyone into a time trap to answer, and would be amenable to giving to counsel for any defendant an agreement regarding extension of time to file an answer.  Mr. Ogle has indicated that he likely would represent the County [Tarrant County] but would  reach out to get other attorneys to represent the individual defendants.  Mr. Ogle never mentioned anything about wanting or seeking a stay or an abatement; nor did he indicate any belief that there was any sort of "emergency" need for such relief. In fact, he knew there could not be such an emergency because he had been told more than once by counsel for Plaintiff [as indicated above] that any request for an extension to file an answer would not be opposed.

     Nobody has made any request for any extension of time to file an answer.

     On the morning of Thursday, 25 August 2022, Mr. East called attorney for Plaintiff [Reynolds]. Reynolds took the call and was courteous to Mr. East [who indicated he would represent a couple of the individual defendants], but explained he [Reynolds] was sorely pressed for time because he was both preparing for (1) an in-person hearing in state court on the morning or 26 August, and also he was (2) working to complete a brief due at the fifth circuit by Monday, 29 August 2022.  Reynolds did note that he had been in communication with attorney Ogle and that he [Reynolds] had given assurance to Mr. Ogle that he would be fully cooperative if someone wanted to ask for a time extension for preparing and filing an answer; and Reynolds [not knowing exactly why Mr. East had called] asked Mr. East if they could visit by phone on the afternoon of Friday, 26 August, about whatever Mr. East might want to visit about.  But Mr. East pressed  feverishly and

said he had really called to conference and he wanted to do so right then; so a brief conference took place in which Mr. East said he wanted to file a motion to stay [he never offered to send a copy of it to Reynolds to look over] and Mr. East asked if attorney Reynolds could agree right then and there; and Reynolds indicated politely but clearly that he could not.  NOTE that at no time during this "conference" did  attorney East indicate that he was planning to immediately file the motion, or that it would claim to be an "emergency" motion, or that he [Mr. East] believed that there was any emergency.  There was no emergency.  Mr. East knew it.  Mr. Ogle knew it.

Later on 25 August 2022 Mr. East filed his motion, claiming incorrectly that there was an "emergency"; which led the Court to issue, *sua sponte,*  an order compelling briefing/pleading to be filed by 5:00 p.m. on Monday, 29 August 2022 with regard to the "emergency" motion. Counsel for Plaintiff learned of this and called both attorney East and Mr. Ogle [but never could seem to get to speak to Ogle [even though several efforts were made to contact him on Thursday and Friday]. Reynolds did reach attorney East by phone, and East seemed to want to play "hard-ball; gotcha in the box"; and when Reynolds specifically offered a proposal to jointly approach the Court to suggest and request that the  Court  temporarily stay proceedings for twenty (20) or thirty (30) days,  so as to grant more time for non-movant to fully and fairly consider and reply to the motion to stay and abate, and to also order that within that time of twenty (20) or thirty (30) days from the date of that order all the attorneys of all parties  meet in person to discuss this case, and to explore how best to proceed and to explore whether there might be some possibility to resolve all [or part] of the case, attorney East was brusquely adamant in his opposition [going so far as to say that the Court would never consider anything like that, and that he (Mr. East) definitely would not attend any in -person meeting of all counsel to discuss anything about this case]. At the end to the discussion, Mr. East had

been very uncooperative, and he made a sort of "in your face" comment indicating tersely that Mr. Reynolds needed to file something timely in view of the Court's order [DOC 8].

By end of day on Friday, 26 August 2022, the hearing that detained attorney Reynolds on that day was over, but the fifth circuit brief was not yet filed and not yet completed; and had to be worked on anc completed and filed by Monday, 29 August 2022. Being caught in a tight schedule box, and having been courteous with attorney Ogle, and knowing that the "emergency" claimed in the motion filed by attorney East was non-existent [and that attorney East knew that, and that attorney Ogle was not taking calls], Attorney Reynolds recalled the wisdom of attorney Richard Roper who, having been treated poorly by an opposing party after he [Roper] had shown courtesy, reflected and sadly commented "no good deed goes unpunished".

Now attorney Reynolds will file this by the deadline set in the Order [[DOC 8], but Reynolds has not had sufficient time to prepare it........... Nor has Reynolds or Plaintiff caused any "emergency"; nor has there been, or is there, any "emergency".

## II.

### SOME FACTS

The individual defendants were employed by Tarrant County as jailers when they committed the misconduct that got them fired, got them charged with crimes, and forms the fact basis of this civil case. Their misconduct is well known to them and to the District Attorney Office, as it was promptly investigated thoroughly by the Sheriff's Office and by the Texas Rangers. The individual defendants have not been pressing for "speedy Trail" of their criminal cases. Tarrant County has not filed a Stay or Abate Motion in this case. No defendant has filed any answer pleading in this case. As a courtesy Plaintiff waited to file this Case, but had to go ahead recently and file it so as to avoid

limitations running. All of the individual defendants are in fact being fully defended by the County [according to what Mr. Ogle has previously told attorney Reynolds, separate attorneys were hired by him and the County for the individual defendants to avoid any potential conflict of interest problem]. The misconduct in question took place about two (2) years ago. It was recorded on videotape at the jail in real time. It was horrid. At this time the prosecution has had ample time to complete any needed investigation, and must be presumed to have done so [and no defendant has denied this].

### III.

### SOME PERTINENT LAW

Probably the most significant part of the Stay Motion appears toward the end of its page 3 [Court Record PageID117], where it is recognized [with citation to authority] that where there are parallel civil and criminal proceedings, a civil court "may" [not must] stay a civil action until the pending criminal cation is resolved. Further, there are no criminal charges against Tarrant County [it has not moved to stay proceedings] and there is no good reason to stay proceedings against Tarrant County [note that under the law the County is not entitled to claims qualified immunity]. As for the "make-weight" argument [at page 8 of the motion, Court Record PageID 122] that the individual defendants are entitled to qualified immunity and there can be no discovery, this is not truly correct. In any event, when, as here, an officer does something no reasonable or competent officer would do and in so doing violates constitutionally guaranteed rights, there is no qualified immunity; and it is an affirmative defense that must be pleaded; and even where qualified immunity is pleaded [it has not been pleaded here as no answer pleadings have been filed] some limited discovery is generally available. Further , each individual defendant has all of his Fifth Amendment

rights; and Plaintiff should have all of his "due process" rights and entitlements to his "day in Court". The attempt in the "Stay Motion" to invoke the Amber Guyger case appears misplaced: that criminal case was not years old when it got tried; Guyger was "off duty" and away from her workplace when she shot the victim, unlike the individual defendants in this case who were not so situated. The present individual defendants, and also Guyger, were subject to prosecution by county authority; but unlike the present individual defendants, who were county employees when they misbehaved, Guyger was not a county employee [she was a city employee], so while in this present case defendant's bad acts were initially investigated by and are well known to the county, not so in the Guyger case. Even if this Court were to stay proceedings against the individual defendants, it should not stay proceedings against Tarrant County [it could simply sever the part of the case brought against Tarrant County].

IV.

**RELIEF REQUESTED**

Non-movant/Plaintiff requests this Court to DENY the "Individual Defendants' Emergency Motion To Stay Or Abate Case"; or at least not to grant it as to non-Movant Defendant Tarrant County; but if this Court is not presently resolved to Deny the motion, then in view of the actual circumstances of the case [and lack of real emergency] non-movant/Plaintiff requests this Court to temporarily stay proceedings for thirty (30) days, so as to grant more time for non-movant to fully and fairly reply to the motion to stay and abate, and to also order that within twenty (20) days from the date of that order all the attorneys of all parties must meet in person at an agreed location in Fort Worth to discuss this case, and to explore how best to proceed and to explore whether there might be some possibility to resolve all [or part] of the case.

Respectfully submitted,

*/s/ Ernest (Skip) Reynolds III*
Ernest (Skip) Reynolds III
State Bar Number 16806300
Law Office of Ernest (Skip) Reynolds III
201 Main Street, Suite 600
Fort Worth, Texas 76102-7423
Telephone: (817) 332-8850
Facsimile: (817) 332-8851
Email: ereynolds3@aol.com
**ATTORNEY FOR PLAINTIFF,
MR. COREY RODRIGUES**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading shall be served upon all counsel of record for all parties on this the 29th day of August 2022 by electronic service through the ECF System for the Northern District of Texas.

*/s/ Ernest (Skip) Reynolds III*
Ernest (Skip) Reynolds III